Wright, J.,
delivered the opinion of the Court.
The complainant being a creditor of defendant John Baker, filed this bill against him and his two sons, Jacob A¡ and Edmund C. Baker, to set aside a deed of conveyance of a tract of land executed by him to-his said two sons. The bill charges the deed to be fraudulent as against tbe creditors of John Baker, and prays for a sale of the land to pay complainant’s-debts.
At the March Term, 1857, of the Chancery Court at Sparta, the cause come on for hearing, and a decree-was pronounced, declaring the deed fraudulent as against complainant; and in the decree, a reference was made to the clerk and master to take and state an account of the indebtedness from John Baker to the complainant, the same not appearing, satisfactorily, to the Chan *387 cellor, and to report tbe amount to tbe next Term of tbe Court.
Without waiting for tbe coming in of said report, tbe Court proceeded further to decree, that unless tbe said Jobn Baber should pay into tbe office of tbe clerk and master so much money as would satisfy tbe debt and interest, that might be due tbe complainant, and the costs of suit, within four months thereafter, tbe clerk and master should sell the tract of land on a credit of six months, giving the proper notice, taking bond and security from the purchaser, with a lien upon the land, and report the sale to the next term of the Court.
Baker failed to pay the money, or comply with the decree, and the clerk and master, as directed therein, on the 31st of August, 1857, sold the land, when Wesley Graham became the purchaser, at the price of §457.00, and fully complied with the terms of the decree by the execution of his note for the purchaser money, with security, due at six months.
This sale, with the sum due complainant, which was-found to be §188.57, was reported by the clerk and: master to the next term of the Court in September,. 1857, when the same was, by decree of the Court, confirmed. No appeal was prosecuted by the defendants, from these decrees, nor any writ of error,, or superse-deas obtained, to stay the sale by the master. Nor do-the defendants, Jacob A. and Edmund. C. Baker, now complain, or prosecute any writ of error. And the cass-is here only as to John Baker, who, on the 15th of December, 1857, filed a transcript of the record with-the clerk of this Court, and obtained - a writ of error-by giving bond and security for -costs.
*388 It is useless for us to inquire whether there are any errors in this decree, as to Jacob A. and Edmund C. Baker, since they are not before us.
As decided by this Court in the case of Codwise v. Taylor, et al., 4 Sneed, 346, it was an erroneous practice, to order a sale of this land, before the amount of complainant’s debt had been ascertained by a reference to the master, or by the Chancellor..
The exact amount to be paid should have been ascertained and stated in the decree, and then a reasonable time ought to have been given the defendants to have paid the amount into the office of the Court, before proceeding to sell the land. And if John Baker had prosecuted a writ of error and supersedeas before the decree of the Chancellor was executed by a sale of the land, we should have been constrained to reverse the decree. But he did not do this, and, as we think, now has no right to ask that this decree be reversed, so as to affect this sale. The act of 1835, ch. 20, sec. 16, (C. & N. Rev., 232,) declares that if the decree of the Chancellor has been executed by a sale of the property, either real or personal, before the writ of error is obtained, and supersedeas granted, that the right, title and interest of the purchaser, or purchasers, under said decree, shall not be affected, or disturbed by a reversal of said decree. This statute is conclusive of the case. And it can be of no practical importance to John Baker, that we should now reverse the decree, since . the purchaser’s title cannot be affected, or a re-sale ordered. There is, as to him, no other error. And if there were, it could have no affect upon Graham's title.
*389 The debt due complainant was finally settled in the .master’s report, and no exception filed by defendants. That must now be taken to be correct. The decree of the Chancellor will be affirmed.